UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 25-CV-61327-DAMIAN/Strauss

**JULERI AURELINA NUNEZ**,

    Plaintiff,

v.

**STATE OF FLORIDA**,

    Defendant.

_____/

## ORDER ON REPORT AND RECOMMENDATION [ECF NO. 6]

**THIS CAUSE** came before the Court on Magistrate Judge Jared M. Strauss's Report and Recommendation, entered on July 21, 2025 [ECF No. 6 (the "Report")].

THE COURT has reviewed the Report and the pertinent portions of the record and is otherwise fully advised.

In the Report, Magistrate Judge Strauss references the July 1, 2025 Order [ECF No. 4], which ordered that Plaintiff file an amended complaint stating a claim under FOIA by July 15, 2025. *See* Report. After carefully considering the Petition and the record, Judge Strauss issued the Report, recommending that the matter be dismissed with prejudice for Plaintiff's failure to file an Amended Complaint. The Report summarizes the relevant background and procedural history, and therefore, this Court will not set out the background in detail here. No party filed objections to the Report,[1] and the time for doing so has expired. *See generally* Docket.

When a magistrate judge's "disposition" has properly been objected to, district courts must review the disposition *de novo*. Fed. R. Civ. P. 72(b)(3). When no party has timely

---

[1] After the issuance of the Report, Plaintiff filed four filings, none of which were objections to the Report. *See* ECF Nos. 9-12.

objected, however, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's notes (citation omitted). Although Rule 72 itself is silent on the standard of review, the Supreme Court has acknowledged Congress's intent was to only require a *de novo* review where objections have been properly filed, not when neither party objects. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings.").

The undersigned has reviewed the Report, the record, and the applicable law to assure herself that no clear error appears on the face of the record. However, given the fact that Plaintiff has made recent filings, including one which attaches documents apparently received from the Federal Communications Commission,[2] *see* ECF No. 12, it is possible that Plaintiff intends to file an Amended Complaint. Accordingly, it is

**ORDERED AND ADJUDGED** that the Report **[ECF No. 6]** is **TAKEN UNDER ADVISEMENT.** Plaintiff is advised that she has not filed an Amended Complaint, despite making several recent filings. In the event Plaintiff seeks to correct the error identified by Magistrate Judge Strauss and file an Amended Complaint, Plaintiff shall do so **no later than August 29, 2025**. Failure to file an Amended Complaint by that date will result in the adoption of the Report and the dismissal and closing of this case without further notice.

**DONE AND ORDERED** in Chambers in the Southern District of Florida this 11th day of August, 2025.

                                                             **MELISSA DAMIAN**
                                                            **UNITED STATES DISTRICT JUDGE**

---

[2] The Court notes that Plaintiff instead styles Defendant as "(FCC) Federal Communications Committee." *See* ECF No. 1.