UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-CV-61327-DAMIAN/Strauss

**JULERI AURELINA NUNEZ**,

    Plaintiff,

v.

**FCC FEDERAL COMMUNICATIONS COMMITTEE**,

    Defendant.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 6] AND DISMISSING COMPLAINT WITHOUT PREJUDICE

**THIS CAUSE** came before the Court on Magistrate Judge Jared M. Strauss's Report and Recommendation, entered on July 21, 2025 [ECF No. 6 (the "Report")].

THE COURT has reviewed the Report and the pertinent portions of the record and is otherwise fully advised.

In the Report, Magistrate Judge Strauss recommends that Plaintiff's Complaint be dismissed without prejudice, citing Plaintiff's failure to comply with the July 1, 2025 Order [ECF No. 4], in which the Court ordered Plaintiff to file an amended complaint stating a claim under FOIA by July 15, 2025. *See* Report. The Report summarizes the relevant background and procedural history, and therefore, this Court will not set out the background in detail here. No party filed objections to the Report,[1] and the time for doing so has expired. *See generally* Docket.

On August 11, 2025, this Court took the Report under advisement, after finding that it was possible that Plaintiff, whose filings are construed liberally in light of her *pro se* status,

---

[1] After the issuance of the Report, Plaintiff filed four filings, none of which were objections to the Report. *See* ECF Nos. 9-12.

may have intended to file an Amended Complaint. *See* ECF No. 13. As such, this Court ordered that "[i]n the event Plaintiff seeks to correct the error identified by Magistrate Judge Strauss and file an Amended Complaint, Plaintiff shall do so **no later than August 29, 2025**." *Id.* That Order also advised that "[f]ailure to file an Amended Complaint by that date will result in the adoption of the Report and the dismissal and closing of this case without further notice." *Id.*

When a magistrate judge's "disposition" has properly been objected to, district courts must review the disposition *de novo*. Fed. R. Civ. P. 72(b)(3). When no party has timely objected, however, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's notes (citation omitted). Although Rule 72 itself is silent on the standard of review, the Supreme Court has acknowledged Congress's intent was to only require a *de novo* review where objections have been properly filed, not when neither party objects. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings.").

The undersigned has reviewed the Report, the record, and the applicable law to assure herself that no clear error appears on the face of the record. Additionally, this Court notes, as set forth above, that it provided Plaintiff with additional time to file an Amended Complaint, *see* ECF No. 13, and Plaintiff did not do so. That is two times, now, that Plaintiff has been afforded additional time and the opportunity to file an Amended Complaint and Plaintiff has failed to do so. Instead, Plaintiff filed a Motion to Extend Time on August 26, 2025, advising "I am currently completely a medical trial for schizophrenia" and moving for an extension of time to serve Defendant. The undersigned is certainly

2

sympathetic to Plaintiff's circumstances and has continued to construe Plaintiff's filings liberally but cannot ignore the fact that Plaintiff has not filed an Amended Complaint after being given two opportunities to do so and that Plaintiff instead moved for entirely different relief (seeking an extension to serve the Defendant as opposed to addressing the need to file an amended pleading).

Again, because Plaintiff is *pro se*, this Court has an obligation to construe her pleadings liberally. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). "This leniency, however, does not require or allow courts to rewrite an otherwise deficient pleading in order to sustain an action." *Thomas v. Pentagon Fed. Credit Union*, 393 F. App'x 635, 637 (11th Cir. 2010); *Snow v. DirecTV, Inc.,* 450 F.3d 1314, 1320 (11th Cir.2006). *Pro se* litigants must follow the Federal Rules of Civil Procedure, *Rodriguez v. Scott,* 775 F. App'x 599, 602 (11th Cir. 2019), including Rule 8's requirement that any complaint contain a short and plain statement of the claim to relief, Fed. R. Civ. P. 8(a)(2).

Nor will the court ignore a pro se litigant's failure to abide by court orders. Rule 41(b) provides that, "[i]f the plaintiff fails ... to comply with ... a court order, a defendant may move to dismiss the action or any claim against it." Fed .R. Civ. P. 41(b). In interpreting this provision, the Eleventh Circuit has held that a district court may *sua sponte* dismiss a case under Rule 41(b). *Betty K Agencies, Ltd. v. M/V MONADA,* 432 F.3d 1333, 1337 (11th Cir.2005). *Sua sponte* dismissal is appropriate "to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Court." *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.,* 556 F.3d 1232, 1240 (11th Cir. 2009) (quotation omitted).

Accordingly, for all of the foregoing reasons, as well as those laid out by the Magistrate Judge in the Report, it is

**ORDERED AND ADJUDGED** that the Report **[ECF No. 6]** is **AFFIRMED AND ADOPTED** as follows: Plaintiff's Complaint **[ECF No. 1]** is **DISMISSED WITHOUT PREJUDICE**.

Any pending motions are **DENIED AS MOOT**. The Clerk of Court shall **CLOSE** this case.

**DONE AND ORDERED** in Chambers in the Southern District of Florida this 11th day of September, 2025.

_____
**MELISSA DAMIAN**
**UNITED STATES DISTRICT JUDGE**